GEORGE E. PRIEST

v.

ABRAHAM W. CONKLIN AND HULDAH C. CONKLIN, ADMINISTRATORS.

*Creditors' Bill—Gift in Fraud of Creditors—Interest—Costs.*

1.   The finding of the court below that a conveyance of a farm by a father, in embarrassed circumstances, to his son, was, as to the excess of the value of the farm above incumbrances, a gift, and fraudulent as to creditors, sustained.

2.   The gift having been only constructively fraudulent, the court below erred in charging the donee with interest.

[Opinion filed September 20, 1890.]

IN ERROR to the Circuit Court of Macon County; the Hon. J. F. HUGHES, Judge, presiding.

Mr. W. C. JOHNS, for plaintiff in error.

Messrs. MILLS BROS. and I. A. BUCKINGHAM, for defendants in error.

CONGER, P. J.   This was a creditors' bill originally covering a number of facts which it is not necessary to notice.   Those

material to a proper understanding of the question decided by the court below, are as follows:

On the 12th day of June, 1884, George Priest, the father of George E. Priest, the plaintiff in error, being at that time in debt and in embarrassed circumstances, conveyed to plaintiff in error a farm, under the following circumstances: There were two mortgages at the time upon the farm, which had been placed thereon by the father, upon which there was due the sum of $5,618. Plaintiff in error took the deed from his father and paid nothing to him upon it, but agreed with his father that he would pay off and extinguish these incumbrances, which he afterward did. The fair value of the farm at the time, as found by the court below, was $7,500, which finding of the court we think was warranted by the evidence, thus leaving a balance of $1,882 between the real value of the property and the amount of incumbrance which plaintiff in error would be required to pay in order to clear the property.

The value of this equity of the redemption to the amount of $1,882, was found by the court below to have been conveyed by George Priest to plaintiff in error without consideration, and that it was, in fact and in law, a gift, and as such was a fraud upon the defendants in error, who were judgment creditors of the said George Priest.

We think the holding of the court below upon this question was correct. Plaintiff in error was not a purchaser for a valuable consideration; he paid nothing to his father, nor did he in any way become bound to those holding the incumbrances, to pay them. He could do so or not as he might determine. If the farm was worth no more than the incumbrances, he could abandon the title and suffer no loss; if it should be of greater value, then such excess would be a gift from his father. Plaintiff in error did sell the land within two months from the time his father's deed was dated for $7,480 in cash, thus actually receiving within $20 of the value of the land as found by the court below.

The court below, however, erred in adding interest to the sum of $1,882. This sum having been a gift, was only constructively fraudulent, and plaintiff in error was under no

duty to pay it to his father's creditors until ordered to do so by the court. The decree of the court below will be affirmed so far as it requires plaintiff in error to pay the sum of $1,882, and will be reversed as to the excess. The cause will be remanded with directions to the court below to enter a decree in accordance with the views above expressed. The costs in this court will be equally divided.

*,Affirmed in part and remanded in part.*